**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **MICHAEL CLAYTON WALTERS,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:04-CV-1485-K |
| ) | ECF |
| **DOUGLAS DRETKE, Director,** ) | |
| **Texas Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.   NATURE OF THE CASE**

Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**II.   PARTIES**

Michael Clayton Walters ("Petitioner") is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Douglas Dretke ("Respondent") is Director of the TDCJ-CID.

**III.   PROCEDURAL BACKGROUND**

Petitioner pleaded *nolo contendere* to committing the offense of deadly conduct on May 8, 2001. *State v. Walters*, No. F-0118841-TL (Crim. Dist. Ct. No. 5 of Dallas County, Tex., June 28, 2001). The trial court sentenced him to ten years in the custody of TDCJ-CID. *Id.* Petitioner filed a motion for a new trial which the trial court denied. Petitioner appealed, and the state appellate court affirmed his conviction on July 11, 2002. *Walters v. State*, No. 08-01-00419-CR, 2002 WL 1481293 (Tex. App.– El Paso 2002, pet ref'd) (unpublished). Petitioner filed a petition for discretionary review which the Texas Court of Criminal Appeals refused on December 11, 2002. *Walters v. State*, PDR No. 1424-02.

Petitioner filed a state application for a writ of habeas corpus on March 11, 2003. *Ex parte Walters*, No. 56,027-01, at 2 (Tex. Crim. App. July 30, 2003). The Texas Court of Criminal Appeals denied the application without written order. *Id.* at cover. The pending petition for federal habeas corpus relief was filed on July 8, 2004. (Fed. Writ Pet. at 9.)

## IV. STATEMENT OF FACTS

The following statement of facts is taken from the Court of Appeals opinion.

> [Petitioner] had no prior convictions or trouble with the law. On the night of May 8, 2001, he was drinking heavily, got into some type of verbal exchange at a sports bar called the Box Car, left and returned with a friend and firearms. Upon returning to the Box Car, [Petitioner] and friend sprayed the bar with thirty-five to forty rounds from their .22 pistol and AK 47. One of the rounds struck the bar owner in the head, creasing his skull, causing extensive nerve damage in the owner's right forehead, top of his head, and right side. The owner had been sitting at a table in front of a plate glass window when the deadly force was used.

*Walters v. State*, No. 08-01-00419-CR, slip op. at *2.

**Findings, Conclusions, and Recommendation**
**of the United States Magistrate Judge -Page 2**

**V.     EXHAUSTION OF STATE COURT REMEDIES**

Respondent states that Petitioner has exhausted his available state court remedies.

**VI.    PETITIONER'S CLAIMS**

Petitioner makes the following claims:

1. His plea of *nolo contendere* was involuntarily made;

2. He was denied constitutionally effective assistance of counsel; and

3. The trial court deprived him of his constitutional rights to due process, equal protection, and a fair trial by falsifying and substituting documents into the official record to cover up the trial court's failure to inform Petitioner of the consequences of his plea, rendering his plea involuntary.

**VII.   STANDARD OF REVIEW**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v.*

**Findings, Conclusions, and Recommendation**
**of the United States Magistrate Judge -Page 3**

*Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The petition in this case is subject to review under the AEDPA. Additionally, under 28 U.S.C. § 2254(d), a presumption of correctness must be accorded findings of fact made by a state habeas court if supported by the record. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (citation omitted).

## VIII. ANALYSIS

### 1. Involuntary Plea

Petitioner claims that his plea of no contest was involuntary because he believed that he was entering a plea bargain that would result in probation and that he would, in fact, receive probation or community service. Petitioner also claims that he was not informed about the ramifications of the finding of a deadly weapon with respect to parole. Additionally, Petitioner claims that counsel was ineffective for failing to investigate and to advise him of the consequences of his plea. Further he claims that the trial court failed to admonish him regarding the consequences of his plea. (Fed. Writ Pet. at 7.)

A petitioner who pleads guilty or *nolo contendere* may only challenge the voluntary character of his guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57(1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). If a challenged guilty plea is knowing, voluntary, and intelligent, it will

be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by others that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

Before a trial court may accept a guilty plea, the court must ensure that the defendant "has a full understanding of what the plea connotes and of its consequence," but not that he understood the "technical legal effect" of the charges. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *James*, 56 F.3d at 666. A plea is involuntary, and thus insufficient to support a conviction, if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). If the defendant understands the maximum prison term and fine for the offense, the subsequent guilty plea is knowingly entered. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (per curiam). A trial court is not required to inform a defendant regarding his parole eligibility. *Le Blanc v. Henderson*, 478 F.2d 481, 483 (5th Cir. 1973). Moreover, absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his *pro se* petition to be of probative evidentiary value. *Armstead*, 37 F.3d at 210 (5th Cir. 1994); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (per curiam).

Petitioner filed an affidavit in which he claims that he entered into a contract and paid counsel money for the plea bargain. He also files affidavits of his mother and fiancé. The court finds no convincing evidence that the state offered a plea bargain in this case. Similarly the

**Findings, Conclusions, and Recommendation
of the United States Magistrate Judge -Page 5**

record contains no evidence that counsel induced Petitioner to plead based upon a promise that Petitioner would receive probation or community supervision. Petitioner's conclusory claims are not sufficient for granting the habeas corpus relief that he has requested.

The plea agreement that Petitioner signed on June 28, 2001, indicates the type of plea, to wit: "Open plea." Tr. at 05. Further, the "Agreed sentence" paragraph is stricken. The agreement contains the "Court's Admonition to Defendant" which provides that the punishment range for the offense charged that he was facing by an open plea. Petitioner signed a judicial confession which provides in pertinent part:

> On the 8th day of May, 2001, in Dallas County, Texas, I did unlawfully, then and there knowingly discharge a firearm, a deadly weapon, at and in the direction of JACK SEBASTIAN, an individual,
>
> And further, then and there knowingly discharge a firearm, a deadly weapon, at and in the direction of a building, and defendant was then and there reckless as to whether the building was then occupied, in that defendant discharged a firearm, a deadly weapon, into a building to-wit, a bar occupied by said JACK SEBASTIAN .
> . . .
> I further judicially confess that I committed the offense with which I stand charged exactly as alleged in the indictment in this cause.

Tr. at 7. The record clearly demonstrates that Petitioner knew that he was pleading openly, without an agreement for a specific sentence. SF 3-5. The Court instructed Petitioner in open court that he was charged by indictment with a third degree felony offense, deadly conduct, and that the punishment range is two to ten years in the penitentiary, with an optional fine not to exceed $10,000. SF 3. Petitioner told the trial court that he understood the punishment range for the offense. *Id*. The trial court explained to Petitioner that he had signed a judicial confession and that he was coming before the court on an open plea agreement. *Id*. The trial court then

repeated that Petitioner was charged by indictment with the third degree felony offense of deadly conduct and repeated the punishment range. *Id*. at 4. He then explained again to Petitioner that he had signed a judicial confession and told him the ramifications of signing a judicial confession. *Id*. He again explained that Petitioner was coming before him on an open plea agreement which meant that if the trial court assessed punishment within the previously described punishment range, his right to appeal would be limited. *Id*. at 5.

Petitioner raised the claim that his plea was involuntary in his motion for new trial, on appeal, and in his state habeas application. *Ex parte Walters*, No. 56,027-01, at 66. The state appellate court held that the trial court appropriately exercised its discretion and implicitly rejected Petitioner's evidence on this issue. *Walters v. State*, 08-01-00419-CR, at 4. On state habeas review, the trial court found that the appellate court had resolved this issue and concurred with the court of appeals' determination that the claim was without merit. *Ex parte Walters*, No. 56,027-01, at 66-67. This Court must accord a presumption of correctness to the state court findings of fact and credibility determinations. *Armstead*, 37 F.3d at 206. Petitioner has failed to overcome the presumption by clear and convincing evidence. Therefore, Petitioner's first claim, that his plea was involuntary should be denied. Additionally, the related claims that Petitioner raised in connection with his first claim should be denied.

2. **Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, a petitioner must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense so gravely as to deprive the petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be

**Findings, Conclusions, and Recommendation
of the United States Magistrate Judge -Page 7**

highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, the petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

In applying the *Strickland* standard to the facts of this case, Petitioner would have to show that, but for counsel's errors, he would not have pleaded *nolo contendere* and would have insisted on proceeding to trial. Petitioner's claims are entirely conclusory. He alleges that his trial counsel failed to investigate or develop his defenses in this case, but he does not point to any evidence illustrating that further investigation by his trial counsel would have changed the outcome of this case. Similarly, Petitioner lacks convincing proof that he would have changed his plea and gone to trial. Trial counsel filed an affidavit stating that he did not tell Walters or his mother that he would receive a probated sentence if he pleaded guilty. *Ex parte Walters*, No. 56,027-01, at 40-41. The state habeas court concurred with the state appellate court in finding that Petitioner did not demonstrate that his counsel's performance was constitutionally ineffective under *Strickland*. In this proceeding, Petitioner failed to show that the state courts unreasonably

applied *Strickland* or made an unreasonable determination of the facts in light of the evidence. Therefore, Petitioner's claim of ineffective assistance of counsel should be denied.

3.  **Denial of Constitutional Rights**

Finally, Petitioner alleges that the trial court fabricated evidence and altered the judgment in the case. However, Petitioner presents no evidence to support his allegations. The trial court found on habeas corpus review that the indictment alleged Petitioner committed the offense with a deadly weapon, that Petitioner admitted in his judicial confession that he committed the offense with a firearm, deadly weapon, and that the judgment contains an affirmative finding of a deadly weapon. *Ex parte Walters*, No. 56,027-01, at 67-68. The state court held that the finding of a deadly weapon was based upon the evidence adduced at trial in support of the allegations in the indictment and was properly entered. *Id*. It appears from a supplemental record that the trial court made a *de facto* finding that a deadly weapon was used based upon the record and entered a *nunc pro tunc* order to make the judgment comply with the sentence that was pronounced. *Ex parte Walters*, No. 56,027-01, Supplemental at 9. If a trial court makes an error in recording a judgment, the court can later correct the judgment through a *nunc pro tunc* order to make the judgment comply with the sentence that was pronounced. *See Ex parte George*, 913 S.W. 2d 523, 526 (Tex. Crim. App. 1995).

A federally issued writ of habeas corpus reaches only convictions obtained in violation of a provision of the United States Constitution. *Smith v. Phillips*, 455 U.S. 209, 220 (1982). Before a federal court may overturn a conviction that results from a state trial, a petitioner must establish, not merely that the state's action is undesirable, erroneous, or even universally condemned, but that it violated some right guaranteed by the fourteenth amendment. *Chandler v. Florida*, 449

**Findings, Conclusions, and Recommendation
of the United States Magistrate Judge -Page 9**

U.S. 560, 570, 582-83 (1981). The relevant inquiry is whether the alleged error so infected the state court proceedings with unfairness that the resulting conviction was a denial of due process. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

Petitioner is not entitled to federal habeas relief based upon a trial court error unless he can establish that the error resulted in actual prejudice. The state court's finding is entitled to a presumption of correctness, which the Petitioner has not rebutted with clear and convincing evidence. In fact, he hasn't provided any evidence at all of fabrication or record tampering. Petitioner's claim of constitutional violations should be denied.

**IX.   CONCLUSION**

The state court's decision to deny relief on all of Petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

For the foregoing reasons, the petition should be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed, April 21, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions, and Recommendation**
**of the United States Magistrate Judge -Page 12**